UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

2012 DEC 18 P 3: 30

CLERK, U.S. ~~~~~~~
~~~~~~~~~~~~~~~~~~

SAN JOSE DIVISION THE CITY OF
BIRMINGHAM RETIREMENT AND
RELIEF SYSTEM,

Plaintiff (s),

v.

LEO APOTHEKER,ET.AL,
Defendant(s).

No. C 12-06416 HRL

ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES

IT IS HEREBY ORDERED that this action is assigned to the Honorable Howard R. Lloyd.
When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all
other parties a copy of this order , the Notice of Assignment of Case to a United States
Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2.  Counsel must
comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize
themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern
District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited
number of printed copies are available from the Clerk's Office for parties in cases not subject to the
court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties
the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern
District Of California," additional copies of which can be downloaded from the following
Internet site: http://www.cand.uscourts.gov.

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 12/18/2012 | Complaint filed | |
| 3/5/2013 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

| | | |
|---|---|---|
| 3/19/2013 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at  http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil _L.R . 16-9 |
| 3/26/2013 | INITIAL CASE MANAGEMENT CONFERENCE (CMC)  in Courtroom 2, 5th Floor SJ at 1:30 PM | Civil _L.R.  16-10 |

*If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

# STANDING ORDER FOR ALL JUDGES
## OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing July 1, 2011, all judges of the Northern District of California will require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

*Effective date: July 1, 2011* (Last Revised November 27, 2012)

11. <u>Relief:</u> All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR:</u> Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes:</u> Whether <u>all</u> parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes    ___ No

14. <u>Other References:</u> Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues:</u> Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. <u>Expedited Trial Procedure:</u> Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. <u>Scheduling:</u> Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. <u>Trial:</u> Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. <u>Disclosure of Non-party Interested Entities or Persons:</u> Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

*Effective date: July 1, 2011 (Last Revised November 27, 2012)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
MAGISTRATE JUDGE HOWARD R. LLOYD

## STANDING ORDER RE: CIVIL DISCOVERY DISPUTES

1.    Effect of Delay on Discovery Disputes.

The parties and counsel are cautioned not to allow discovery disagreements to drag on unresolved until some important looming deadline forces them into action. Because of the press of its other business, the court may not be able to give the dispute its attention with the same celerity that some or all of the parties think is necessary.

2.    Resolving Discovery Disputes

In order for this court to efficiently and flexibly respond to discovery disputes, and accounting both for (1) parties' and counsel's obligation to diligently strive to resolve such disputes without court involvement and (2) the limitations on available judicial resources: effective immediately this court adopts a new procedure for resolving discovery disputes.

   A.    Absent leave of court, formal noticed discovery motions may no longer be filed and, if filed contrary to this order, will not be heard.

   B.    Instead, parties (and non-parties involved in a discovery dispute) will first use the customary convenient means of communication—telephone, e-mail, correspondence, person-to-person talks between members of opposing litigation teams—to try to reach agreement.

   C.    If that fails to lead to complete agreement, then LEAD COUNSEL (and any unrepresented person), accompanied by anyone else whose presence is needed to fully explore resolution, shall meet IN PERSON for as long as and as often as is needed to reach full agreement.

      i.    Unjustified delay in arranging the meeting, especially where the dispute is time sensitive, or refusal to attend or to participate meaningfully will be grounds for sanctions and/or for entry of an order in favor of the other side. Except in extreme circumstances, excuses such as press of business, inconvenience, or cost will not suffice.

      ii.    Hopefully, the parties can agree on a site for the in-person meeting of lead counsel. The most sensible way would probably be for the party advancing the dispute to pick the place for the first meeting, the other party pick the site for the second, and alternating thereafter. If the parties cannot agree, then the court requires lead

counsel to meet at a location approximately half way between their offices.

D.  If the meeting(s) between lead counsel do not resolve the dispute, then within 5 business days after conclusion of the session(s) (or, 5 days after reaching impasse as to a particular issue) the parties shall file on pleading paper a "Discovery Dispute Joint Report #___" ("Joint Report") *using the "Discovery Letter Brief" event under "Motions–General" in CM/ECF.* In no event may a Joint Report be filed later than 7 days after the discovery cut-off date(s), as prescribed in Civil L.R. 37-3. As usual, a chambers copy should also be submitted.

  i.  The Joint Report's cover page will contain: the case caption; a one sentence identification of the issue it covers; the date, place, and length of time of the joint meeting; the close of discovery and any other date that is relevant; and the attestations of lead counsel that they complied with this Standing Order.

  ii.  To avoid needless complexity and unwieldiness, the Joint Report should deal with only one issue (or, at most, a few inextricably related issues).

  iii.  The Joint Report, including the cover page, shall not exceed 11 pages. It should describe the dispute and the facts essential to understanding it. Then, in a format that allows ready comparison, it should give each party's position (with brief citation to important authority), and—finally—each party's final and "most reasonable" proposal for how the court should decide.

  iv.  The only exhibit permitted to the Joint Report is an exact copy of the discovery request(s) in issue and the response(s) (if any) to it (i.e.: requests for documents, interrogatories, privilege log, non-party subpoena, etc.) If it consists of more than just a few pages, the exhibit shall be indexed.

  v.  A single lead-counsel-in-person session may produce more than one Joint Report, but the court would look with disfavor on any attempt to use multiple Joint Reports to skirt the page limitation.

  vi.  Unjustified delay or refusal to participate meaningfully in the preparation of the Joint Report is grounds for imposition of sanctions or entry of an order sought by the other side.

E.  Upon receipt of the Joint Report, the court will decide what further proceedings, if any, are appropriate. If the issue is clearly presented and ripe for decision, it may simply issue a ruling. Alternatively, other options

include: scheduling a telephone conference, calling for further briefing, or, rarely, holding a hearing.

F.    Any party seeking an award of attorney fees or other expenses in connection with a discovery dispute shall file a noticed motion pursuant to the Northern District Local Rules. It would ordinarily be presumptuous to file such a motion before the court has ruled on the dispute.

G.    When the parties have become, or expect to become, engaged in a succession of discovery disputes or otherwise require the ongoing assistance of a neutral decision maker, the court recommends they consider appointment of a Special Master.

IT IS SO ORDERED.

Dated:            June 3, 2011
Last Amended:    April 3, 2012

                                    HOWARD R. LLOYD
                                    United States Magistrate Judge

UNITED STATES DISTRICT COURT ,
NORTHERN DISTRICT OF CALIFORNIA
MAGISTRATE JUDGE HOWARD R. LLOYD

## STANDING ORDER RE: INITIAL CASE MANAGEMENT

1.      In cases that are randomly assigned to Judge Lloyd for all purposes, the parties
are requested to file their written consent to the assignment of a U.S. Magistrate Judge
for all purposes, or their written declination of consent, as soon as possible.

2.      The civil motion calendar is heard on Tuesdays at 10:00 a.m. The criminal
motion calendar is heard on Thursdays at 9:30 a.m. Motions may be noticed for
hearing pursuant to Civil L.R. 7. Counsel need not reserve a hearing date in advance
for civil motions, although noticed dates may be reset as the Court's calendar requires.
HOWEVER, do not notice a motion over a civil discovery dispute. Instead, follow this
court's "Standing Order re: Civil Discovery Disputes."

3.      Parties with questions regarding scheduling (excluding settlement conferences)
should contact Judge Lloyd's Administrative Law Clerk at (408) 535-5411.

4.      A Case Management Conference will be held on the date and time specified in
the Order Setting Initial Case Management Conference in Courtroom 2, United States
Courthouse, 280 South First Street, San Jose, California. This conference may be
continued only by Court Order pursuant to Civil L.R. 16-2(e). Parties may not stipulate
to continue a Case Management Conference without Court approval.

5.      Pursuant to Civil L.R. 16-9, no later than seven (7) days before the Case
Management Conference, the parties shall file a Joint Case Management Statement.
For the required format and contents of this filing, follow the "Standing Order for All
Judges of the Northern District of California: Contents of Joint Case Management
Statement." If preparation of a joint statement would cause undue hardship, the parties
may serve and file separate statements, which shall include a description of the undue
hardship.

6.      Plaintiff or removing Defendant shall serve a copy of this Standing Order on all
parties to this action and on all parties subsequently joined, in accordance with
Fed.R.Civ.P. 4 and 5. Following service, Plaintiff shall file a certificate of service, in
accordance with Civil L.R. 5-5.

IT IS SO ORDERED.
Dated: August 22, 2002
Last Amended: July 2, 2012
HOWARD R. LLOYD
United States Magistrate Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
MAGISTRATE JUDGE HOWARD R. LLOYD

## STANDING ORDER RE: PRETRIAL PREPARATION

Good cause appearing, IT IS HEREBY ORDERED that the following requirements and procedures shall apply in all cases scheduled for trial before the undersigned judge.

A.  **Not less than fifteen (15) days prior to the Pretrial Conference,** lead counsel (and all parties appearing pro se) shall meet and confer in person with respect to accomplishing the requirements and procedures outlined below.

B.  **Not less than fourteen (14) days prior to the Pretrial Conference,** the parties shall serve and file (or lodge, as applicable):

1.  **Trial Briefs (optional);**

2.  **Motions *In Limine*;**

3.  **Deposition and Discovery Responses.** One copy of any deposition transcript and any other discovery response either party intends to offer as evidence, other than solely for impeachment or rebuttal, shall be lodged with the court. The parties shall highlight the pertinent portions of the deposition transcripts and discovery responses;

4.  **Proposed Voir Dire Questions (Jury Trials Only).** Proposed voir dire questions shall be submitted to the court. The examination of trial jurors shall be conducted by the Judge. The court will also allow limited follow up voir dire by attorneys. Juror questionnaires are permitted in limited situations. If the parties wish to submit juror questionnaires, the parties must contact the court well in advance of the pretrial conference to discuss procedures;

5.  **Jury Instructions (Jury Trials Only).** The court has a standard set of preliminary instructions which will be given at the beginning of trial and standard closing instructions which will be given prior to closing argument based upon the MODEL JURY INSTRUCTIONS OF THE NINTH CIRCUIT. The parties should not submit preliminary or closing instructions.

    The parties shall file a **joint** set of all proposed substantive instructions, unless specific leave to the contrary is granted by the Court. The Court prefers parties to use the MODEL JURY INSTRUCTIONS OF THE NINTH CIRCUIT or CALIFORNIA JURY INSTRUCTIONS, modified and supplemented as necessary.

In the event parties are unable to agree on the language of a particular instruction, the objecting party shall submit an alternative instruction, placed immediately following the instruction to which an objection is being made, and a brief statement of the ground for the objection. Challenged instructions must be clearly marked and identified.

Each proposed instruction shall be written in plain language, comprehensible to jurors, concise and free from argument, cover only one subject which shall be indicated in the caption, and be written out in full on a separate page. On a separate page following each instruction, the parties must provide citation to the authority upon which each instruction is based;

6. **Form of Verdict (Jury Trials Only)**. Each party shall serve and submit to the court its proposed form of verdict;

7. **Proposed Findings of Fact and Conclusions of Law (for Non-Jury Trials Only)**. In actions tried to the court without a jury, each party shall file Proposed Findings of Facts and Conclusions of Law; and

8. **Joint Pretrial Statement**. The Joint Pretrial Statement shall include the following:

   a. **Proposed Trial Dates**. A list of proposed dates on which all parties and witnesses are available to proceed with trial. The list shall include several alternative mutually agreeable dates;

   b. **Substance of the Action**. A brief description of the general nature of the action;

   c. **Stipulations, Agreed Statement and Undisputed Facts**. A statement of: (i) any stipulations requested or proposed for pretrial or trial purposes; (ii) whether all or part of the action may be presented upon an agreed statement of facts; and (iii) all relevant facts not reasonably in dispute, as well as any facts to which the parties will stipulate for the trial record without the necessity of supporting testimony or exhibits;

   d. **Disputed Factual Issues**. A plain and concise statement of all disputed factual issues which remain to be decided;

   e. **Disputed Legal Issues**. Without extended legal argument, a plain and concise statement of each disputed point of law concerning liability, relief, procedure and/or evidence. (When appropriate, full legal argument with citations to statutes and case law should be covered in a Trial Brief.);

f.    **Deposition Excerpts and Discovery Responses.** Pursuant to Fed. R. Civ. P. 26(a)(3), a list of any deposition testimony (by page and lines) or other discovery responses that each party may offer as evidence as trial, other than solely for impeachment or rebuttal;

g.    **Witnesses to be Called.** Pursuant to Fed. R. Civ. P. 26(a)(3), a list of the name of every witness each party expects to call at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given. Each party shall separately identify those witnesses the party intends to call and those the party may call if the need arises;

h.    **Exhibits, Schedules and Summaries.** Pursuant to Fed. R. Civ. P. 26(a)(3), a list of all documents and other items to be offered as exhibits at trial, other than solely for impeachment or rebuttal. Each item on the list shall be identified by an exhibit number, followed by a brief statement describing its substance or purpose, and the identity of the sponsoring witness. The parties must have agreed on an allocation of exhibit numbers which will avoid duplicate numbers. If possible, parties should stipulate to the authenticity and admissibility of exhibits prior to trial. **Any disputes regarding the authenticity and/or admissibility of any exhibits must be brought to the court's attention no later than the Pretrial Conference, or the objections will be deemed waived;**

i.    **Relief Prayed.** A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages;

j.    **Estimate of Trial Time.** A carefully reasoned estimate of the number of hours needed for the presentation of each party's case, including cross-examination of opposing witnesses;

k.    **Amendments, Dismissals.** A statement of any requested or proposed amendments to the pleadings or dismissals of parties, claims or defenses.

l.    **Settlement Discussion.** A statement indicating whether further settlement negotiations would likely be productive; and

m.    **Miscellaneous.** A statement describing any other subjects relevant to the trial of the action or material to its just, speedy, and inexpensive determination.

C.   **Not less than seven (7) days prior to the Pretrial Conference**, unless otherwise ordered, the parties shall serve and file (or lodge, as appropriate) the following:

1.   **Oppositions to Motions *In Limine*;**

2.   **Objections to the use of Deposition Excerpts or other Discovery Responses.** Unless otherwise ordered, any objections to excerpts from depositions or other discovery responses designated in the Joint Pretrial Statement shall be filed in writing, along with a certification that counsel conferred with opposing counsel regarding any such objections;

3.   **Counter-Designations.** In the event a party contends that a deposition excerpt or other discovery response is unacceptably incomplete, the party shall file a counter-designation listing any additional deposition testimony (by page and lines) or other discovery responses it contends are necessary for a complete and fair record. Any objections to the counter-designations shall be served (by fax and mail) and filed the day before the Pretrial Conference (the after-hours drop box may *not* be used for this filing); and

4.   **Objections to Voir Dire, Proposed Findings, Verdict Forms, or to the Authenticity or Admissibility of any Trial Exhibits.** Unless otherwise ordered, any objections to the use of proposed voir dire, proposed findings, verdict forms, or to the authenticity or admissibility of any trial exhibits shall be filed in writing, along with a certification that counsel conferred with opposing counsel regarding such objections.

D.   **At the Pretrial Conference**, lead counsel (and parties in pro se) will attend in person and be prepared to discuss all matters concerning Pretrial Preparation. The court will consider any trial management issue which is likely to promote a fair and efficient resolution of the case, including:

1.   Entering the Pretrial Order;

2.   Ruling, to the extent practicable, on Motions *in Limine* and on any objections to voir dire, findings, verdict forms, jury instructions, and exhibits;

3.   Allocating a fixed number of hours for each side for the direct and cross-examination of witnesses;

4.   Setting specific dates and times when trial will be in session; and

5.   For jury trials, discussing the jury selection process.

Questions concerning the provisions of this order should be directed to the Administrative Law Clerk at (408) 535-5411.

Dated:   July 8, 2002
Last Amended:   October 16, 2012

HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Case No. _____

STANDING ORDER REGARDING

CASE MANAGEMENT IN CIVIL CASES

This order sets forth requirements for initial case management in all civil matters assigned to

District Judges Ronald M. Whyte, Jeremy Fogel, Lucy H. Koh, and Edward J. Davila, and

Magistrate Judges Howard R. Lloyd and Paul S. Grewal.  All papers filed must include the case

number of the action followed by the initials of the assigned district judge or magistrate judge and, if

applicable, the initials of the magistrate judge to whom the action is referred for discovery or other

pretrial activity.

Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all

parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5.  Following service, plaintiff

shall file a certificate of service in accordance with Civil L.R. 5-6(a).

All disclosure or discovery disputes in cases assigned to district judges are referred to the

assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a).  Magistrate judges

themselves handle disclosure and discovery disputes in the cases assigned to them.

Before selecting a hearing date for a motion before any of the judges of the San Jose

Division, counsel must confer with opposing counsel to determine that the proposed hearing date

will not cause undue prejudice.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for

hearing on any Friday at 9:00 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Fogel may be noticed for

hearing only after contacting Judge Fogel's administrative law clerk, Christian Delaney, at

408-535-5426 and obtaining an available date.

United States District Court

For the Northern District of California

1    Civil motions under Civil L.R. 7-2 in cases assigned to Judge Koh may be noticed for

2    hearing only after contacting Judge Koh's Courtroom Deputy, Martha Parker Brown, at 408-535-

3    5346 and obtaining an available date.

4    Civil motions under Civil L.R. 7-2 in cases assigned to Judge Davila may be noticed for

5    hearing only after contacting Judge Davila's Courtroom Deputy, Elizabeth Garcia, at 408-535-5356.

6    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Lloyd may be

7    noticed for hearing on any Tuesday at 10:00 a.m.

8    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Grewal may be

9    noticed for hearing on any Tuesday at 10:00 a.m.

10    Pursuant to Fed.R.Civ.P. 16 and 26 and Civil L.R. 16-10(a), a Case Management Conference

11    will be held on _____ at _____, at the United States

12    Courthouse, 280 South First Street, San Jose, California.  This conference may be continued only by

13    court order pursuant to Civil L.R. 16-2(e).  Parties may not stipulate to continue a Case Management

14    Conference without court approval.

15    Pursuant to Civil L.R. 16-3, in advance of the Case Management Conference, counsel shall

16    confer with their respective clients and opposing counsel for the purposes specified in Fed.R.Civ.P.

17    26(f), Civil L.R. 16-8 and 16-9, and in patent cases, Patent L.R. 3-1 through 3-6.  A meaningful meet

18    and confer process prior to the Case Management Conference and good faith compliance with the

19    requirements of this Order are essential elements of effective case management.  Failure to meet and

20    confer, to be prepared for the Case Management Conference or to file a Joint Case Management

21    Conference Statement may result in sanctions. Parties may, but are not required, to attend the Case

22    Management Conference.

23    In all "E-filing" cases when filing papers in connection with any motion for determination by

24    a judge, the parties shall, in addition to filing papers electronically, lodge with chambers a printed

25    copy of the papers by the close of the next court day following the day the papers are filed

26    electronically.  These printed copies shall be marked "Chambers Copy" and shall be submitted to the

27    Clerk's Office, in an envelope clearly marked with the Judge's name, case number and "E-filing

28

2

1  Chambers Copy."   Parties shall not file a paper copy of any document with the Clerk's Office that

2  has already been filed electronically.

3       IT IS SO ORDERED.

4  Dated: April 25, 2011

5

6                                          Ronald M. Whyte
                                           United States District Judge

7

8

9                                          Jeremy Fogel
                                           United States District Judge

10

11

12                                         Lucy H. Koh
                                           United States District Judge

13

14

15                                         Edward J. Davila
                                           United States District Judge

16

17

18                                         Howard R. Lloyd
                                           United States Magistrate Judge

19

20

21                                         Paul S. Grewal
                                           United States Magistrate Judge

22

23

24

25

26

27

28  SAN JOSE DIVISION
    STANDING ORDER REGARDING CASE MANAGEMENT IN CIVIL CASES